**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bret Damron, | No. CV-09-2407-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff worked as a truck driver for Lindsey Foods dairy company. He sustained a back injury on December 10, 2004, when he slipped and fell while pulling a heavy load of milk on a dolly cart. He had lumbar discectomy surgery in April 2005, and lumbar fusion surgery in August 2005. His primary complaints are chronic back and neck pain and a limited ability to sit, stand, and walk.

Plaintiff applied for disability insurance benefits on October 31, 2006, claiming to be disabled since the date of his injury. Dkt. #15, Tr. 85-87. The application was denied. Tr. 49-51, 60-62. A hearing before an Administrative Law Judge ("ALJ") was held on March 12, 2008. Tr. 17-44. The ALJ issued a written decision on January 22, 2009, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 8-16. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 1-3. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1.

**I.      Standard of Review.**

The Commissioner's decision to deny benefits must be upheld "unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence" means more than a mere scintilla, but less than a preponderance, that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998).

**II.     Analysis.**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) he is not currently working, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. At step five, the Commissioner must show that the claimant has the RFC to perform other work. 20 C.F.R. § 404.1520(a)(4)(i)-(v).

The ALJ found that Plaintiff has not worked since the alleged disability onset date. Tr. 10, ¶ 2. The ALJ further found that Plaintiff has severe status post back surgery discectomy and fusion. Tr. 10, ¶ 3. While the ALJ concluded that those impairments do not meet or equal a listed impairment (Tr. 12, ¶ 4), he also found that Plaintiff is not able to perform his past work as a truck driver (Tr. 14, ¶ 6). At step five, the ALJ concluded that Plaintiff is not disabled within the meaning of the Social Security Act because he has the RFC to perform light work with restrictions, including the job of dispatcher. Tr. 12-16, ¶¶ 5, 10-11.

Plaintiff argues that the ALJ committed multiple errors: concluding that his impairments do not meet or equal a listed impairment, improperly ignoring the opinion of a treating physician, and failing to consider a closed period of disability status. Dkt. #16.

1  Defendant argues that the ALJ did not err and his decision is supported by substantial
2  evidence. Dkt. #17. For reasons stated below, the Court concludes that the ALJ did not err
3  and the decision denying benefits must therefore be affirmed.

**A.     Spinal Disorder in Listing 1.04C.**

The ALJ found that the record contains no diagnostic test or clinical finding showing that Plaintiff's impairments meet or equal the criteria of any specific listing. Tr. 12, ¶ 4. Plaintiff contends that his impairments satisfy listing 1.04C. Dkt. #16 at 4-5.

Listing 1.04 impairments are disorders of the spine resulting in the compromise of the nerve root or spinal cord. 20 C.F.R. Pt. 404, subpt. P, app. 1, § 1.04. A claimant meets or equals listing 1.04C where he has lumbar spinal stenosis resulting, among other things, in an "inability to ambulate effectively, as defined in 1.00B2b." *Id.* § 1.04C. Under listing 1.00B2b, an inability to ambulate effectively means "an extreme limitation of the ability to walk[.]" *Id.* § 1.00B2b(1). Examples include "the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail." *Id.* § 1.00B2b(2).

The record evidence shows that while Plaintiff's ability to walk is somewhat limited, his limitations are not sufficiently "extreme" to render him unable "to ambulate effectively," as required to satisfy listing 1.04C. *See id.*; *Clemons v. Astrue*, No. 2:08-00098, 2010 WL 1406840, at *4 (M.D. Tenn. Apr. 6, 2010) (a listing 1.04C impairment "must cause an inability to ambulate effectively"). Medical records after Plaintiff's back surgery in April 2005 show that he had a "facile" gait with no weakness. Tr. 378, 410. A medical record dated June 15, 2006 notes that Plaintiff was able to ambulate without a brace, did not have a noticeable limp, and could walk on his toes and heels. Tr. 290. An examining physician found in April 2007 that Plaintiff occasionally can climb ramps and stairs. Tr. 440. Plaintiff testified at the hearing that he is able to walk a couple blocks and shop at Wal-Mart. Tr. 26-27. The ALJ did not err in finding that Plaintiff's impairments do not meet or equal

the criteria of any specific listing, including listing 1.04C. *See Clemons*, 2010 WL 1406840, at *4 (the claimant could ambulate effectively where he had a normal gait and could walk two blocks without an assistive device); *Mowry v. Astrue*, No. 09-34J, 2010 WL 1253929, at *5 (W.D. Pa. Mar. 30, 2010) (the claimant did not satisfy listing 1.04C where the evidence did not establish the "extreme limitation of the ability to walk" referenced in listing 1.00B2b); *Castro v. Astrue*, No. 8:08-cv-769-T-33TGW, 2009 WL 1975513, at *5 (M.D. Fla. July 8, 2009) (the claimant failed to show that she met listing 1.04C where the record contained evidence of a non-extreme limitation of her ability to walk); *Hardy v. Astrue*, No. CIV S-08-1327 GGH, 2009 WL 2880707, at *6 (E.D. Cal. Sept. 3, 2009) (the claimant did not satisfy listing 1.04C where evidence showed she could ambulate effectively).

**B.     The Treating Physician's Opinion.**

Plaintiff asserts that treating physician Arlo Brakel opined in July 2006 that Plaintiff was disabled and would need at least one year to recover from his lumbar fusion surgery. Dkt. #16 at 5. Plaintiff contends that the ALJ erred in failing to consider that medical opinion. *Id.* at 6. But Dr. Brakel opined that Plaintiff "remain[ed] disabled *from his job description*." Tr. 363 (emphasis added). The ALJ found Plaintiff unable to perform his past work as a truck driver (Tr. 14, ¶ 6), which the vocational expert described as heavy work (Tr. 38). The ALJ's conclusion that Plaintiff has the RFC to perform light work with restrictions is not inconsistent with the opinion of Dr. Brakel. The ALJ, therefore, did not improperly ignore Dr. Brakel's opinion. *See Williams v. Astrue*, No. CV-08-3075-CI., 2009 WL 3422788, at *11 n.6 (E.D. Wash. Oct. 22, 2009) (the ALJ was not required to explicitly reject a medical opinion that the claimant was not able to return to his work as a truck driver because that opinion was consistent with the ALJ's step four findings); *Strother v. Comm'r of Soc. Sec.*, No. CIV S-08-0482-CMK, 2009 WL 3157472, at *6 (E.D. Cal. Sept. 28, 2009) (the ALJ did not improperly ignore a medical opinion that was consistent with the ALJ's RFC assessment).

**C.     Closed Period of Disability Status.**

Plaintiff concedes that substantial evidence supports the conclusion that he was able

to perform light work by late 2006. Dkt. #16 at 6; *see* Tr. 288-94, 373. Plaintiff contends that the opinion of Dr. Brakel (Tr. 363), and evidence showing he has satisfied listing 1.04C, support the finding that he was disabled from December 10, 2004, the date of his injury, through at least August 22, 2006, the one-year anniversary of his lumbar fusion surgery. Dkt. #16 at 6-7. As explained more fully above, however, Plaintiff has not shown that his impairments meet or equal listing 1.04C, and Dr. Brakel opined only that Plaintiff was not able to perform his past work as a truck driver. Plaintiff has cited no medical opinion suggesting that he was precluded from performing light or sedentary work for a period of twelve consecutive months. The ALJ did not err with respect to a closed period of disability status.

**IT IS ORDERED:**

1. Defendant's administrative decision denying disability insurance benefits is **affirmed**.

2. The Clerk is directed to enter judgment accordingly.

DATED this 29th day of April, 2010.

_____
David G. Campbell
United States District Judge